# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

BETSER COMPERE,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center; DANIEL A. BRIGHTMAN, Acting Field Office Director, San Diego Office of Detention and Removal, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; SIRCE OWEN, Acting Director for Executive Office for Immigration Review; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States,

Respondents.

Case No.: 3:26-cv-05779-BTM-SBC

**ORDER GRANTING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

//

Betser Compere has petitioned the Court for the writ of habeas corpus, claiming that the Government violated the Fifth Amendment by arbitrarily detaining him without notice and opportunity to be heard. (ECF No. 1.) The Petitioner entered the country on July 4, 2024, and was granted humanitarian parole. The Government states that the Petitioner was released on parole but that the parole expired. (ECF No. 4, at 2 (citing ECF No. 4-1).) The Court does not find that the Government has demonstrated that the Petitioner's parole was expired at the time it detained him. Regardless, the Government acknowledges that the Court has granted petitions with similar facts and legal issues, and "does not oppose the petition and defers to the Court on the appropriate relief." (*Id.* at 3, 2–3.) The Government's counsel also stated that he was informed by the Department of Homeland Security that the "Petitioner does not have a criminal history or any other derogatory information that would render them a danger to the community." (ECF No. 7, at 2 & n.2.)

Accordingly, the Court grants the petition on the Petitioner's Due Process claim. The Court adopts its previous decision in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), to find that—in light of the *Mathews v. Elridge* factors—the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Government's enforcement interest. *See* 424 U.S. 319, 334–35 (1976). Moreover, the Government does not contend that any changed circumstances warranted Petitioner's redetention or that the Petitioner is a danger to the community or a flight risk.

Thus, the petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**. The Government shall immediately release Compere from custody on any preexisting conditions. Should the Government attempt to revoke the Petitioner's parole in the future, it must provide the Petitioner a written revocation notice—issued by a statutorily authorized official—that provides individualized grounds for the termination of parole. The Government must also allow the Petitioner an opportunity to rebut the revocation of parole. *See Mendez-Ramirez v. Casey*, No. 26-cv-04513, 2026 WL 2824537, at *1 (S.D. Cal. Sept. 21, 2026); 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2); *see also Araujo v.*

*LaRose*, No. 25-cv-2942, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025).

The parties shall file a joint statement as to the satisfaction of the writ by October 23, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ. Because the Court grants the petition on the first claim, the Court declines to reach the merits of the Petitioner's other claims. Counts Two and Three of the petition are **DISMISSED** without prejudice.

The Petitioner may move for an award of fees within thirty (30) days of the entry of this Order. The Government shall respond within fourteen (14) days of the filing of the motion and the Petitioner may reply within seven (7) days of the filing of the opposition.

**IT IS SO ORDERED.**

Dated: October 21, 2026

Honorable Barry Ted Moskowitz
United States District Judge